IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SUNTRUST BANK, N.A.,
MARC MACKY AND MARYANN MACKY,

CASE NO. 1:09-CV-00924-TDS

APPELLANTS;

V.

JOHN A. NORTHEN,

APPELLEE.

On Appeal from the Judgment of the United States Bankruptcy Court
For the Middle District of North Carolina

JOHN A. NORTHEN,
Trustee in Bankruptcy for JOHN G. MCCORMICK, et al.,

                  PLAINTIFF,

Adversary Proceeding
Case No. 08-09028

V.

SUNTRUST BANK, N.A.
MARC MACKY and MARYANN MACKY,

                  DEFENDANTS.

**BRIEF FOR APPELLANT, SUNTRUST BANK, N.A.**

JOSEPH J. VONNEGUT
The Law Offices Hutchens, Senter & Britton, P.A.
4317 Ramsey Street
P.O. Box 2505
Fayetteville, North Carolina 28302
(910) 864-2668 *phone* / (910) 864-6177 *facsimile*
Attorney for Appellant, SunTrust Bank, N.A.
North Carolina State Bar No. 32974
jvonnegut@hutchensandsenter.com

# TABLE OF CONTENTS

STATEMENT OF THE CASE .................................................................................................- 1 -

STATEMENT OF FACTS .....................................................................................................- 2 -

QUESTIONS PRESENTED ...................................................................................................- 3 -

STANDARD OF REVIEW ....................................................................................................- 4 -

ARGUMENT ..........................................................................................................................- 5 -

  I. THE APPELLEE/TRUSTEE HAD CONSTRUCTIVE NOTICE OF THE
     SUNTRUST DEED OF TRUST, THEREBY DEFEATING THE
     APPELLEE'S/TRUSTEE'S 11 U.S.C. § 544 POWER TO AVOID THE
     SUNTRUST DEED OF TRUST ....................................................................................- 5 -

     A. Under North Carolina law, any party purporting to be a bona fide purchaser
        of real property, including a bankruptcy trustee acting pursuant to 11 U.S.C. §
        544, has a duty to examine the contents of each recorded instrument in the
        chain of title and are charged with constructive notice of everything such a
        search would reveal..................................................................................................- 6 -

     B. Appellee/Trustee is not a BFP under 11 U.S.C. § 544 because a careful and
        prudent search of the public land records would disclose the existence of the
        SunTrust Deed of Trust as to Tract I .......................................................................- 8 -

  II. THE BANKRUPTCY COURT ERRED BY AVOIDING THE SUNTRUST DEED
      OF TRUST, TREATING THE SUNTRUST DEED OF TRUST AS IF IT HAD
      NEVER BEEN INDEXED ........................................................................................- 11 -

CONCLUSION......................................................................................................................- 13 -

# TABLE OF AUTHORITIES

## CASES

*B.C. Cuthrell v. Camden County*
  254 N.C. 181 (1961) ........................................................................................ - 8 -

*Bebber v. J.M. Westall & Co. (In Re Bebber)*
  192 B.R. 120, 121 (W.D.N.C. 1995) ................................................................ - 4 -

*Booth v. Strickland*
  2004 WL 2782561 (Bkrtcy.M.D.N.C., 2004) ................................................... - 8 -

*Butler v. Deutsche Bank Trust Company (In Re Rose)*
  2009 WL 2226658 (Bankr. E.D.N.C July 20, 2009) ........................................ - 9 -

*Clement v. Harrison*
  138 S.E. 308 (1927) ........................................................................................ - 11 -

*Cuthrell v. Camden County*
  118 S.E.2d 601 (N.C. 1961) ............................................................................ - 5 -

*Dorman v. Goodman*
  196 S.E. 352, 355 (1938) ................................................................................. - 5 -

*Hardy v. Fryer*
  194 N.C. 420, 139 S.E. 833 (1927) ................................................................ - 12 -

*In Re Boardwalk Development Co., Inc.*
  72 B.R. 152, 155 (Bankr. E.D.N.C. 1987) ....................................................... - 6 -

*In Re Suggs*
  355 B.R. 525 (Bankr. M.D.N.C. 2006 ) .......................................................... - 8 -

*Mickel-Hopkins, Inc. v. Frassinetti*
  278, 303, 305 F.2d (1960) ................................................................. - 12 -, - 13 -

*Morehead v. Harris*
  262 N.C. 330, 340 137 S.E.2d 174, 183-184 (1964) ......................... - 7 -, - 10 -

*Prudential Insurance Co. of America v. Forbes*
  165 S.E. 699 (1932) ....................................................................................... - 11 -

*Rice v. Parks*
   1999 U.S. Dist. LEXIS 21229, (M.D.N.C. 1999) ........................................................... - 4 -

*Rowe v. Walker*
   441 S.E.2d 156 (N.C.App. 1994), *aff'd,* 455 S.E.2d 160 (N.C. 1995) ......................... - 5 -

*Turner v. Glenn*
   18 S.E.2d 197, 201 (1942) .............................................................................................. - 6 -

*West v. Jackson*
   198 N.C. 693, 153 S.E. 257 (1930) ....................................................................... - 7 -, - 11 -

## STATUTES

11 U.S.C. § 544 ............................................................................................. - 5 -, - 6 -, - 8 -

11 U.S.C. § 544(a)(3) ............................................................................................ - 1 -, - 8 -

11 U.S.C. §544 ................................................................................................................ - 6 -

28 U.S.C. § 1408 ............................................................................................................. - 2 -

28 U.S.C. § 157 ............................................................................................................... - 2 -

Fed.R.Civ.P. 59 ............................................................................................................... - 1 -

N.C. Gen. Stat. § 47-20 .................................................................................................. - 1 -

N.C. Gen. Stat. §47-20.1 ................................................................................................ - 5 -

## TREATISES

Colliers on Bankruptcy – 15th Ed. Rev. p. 544.08 .................................................. - 8 -, - 9 -

NOW COMES Suntrust Bank, N.A., the Appellant herein, by and through counsel, and respectfully submits this brief in which it requests that the order of the United States Bankruptcy Court for the Middle District of North Carolina, entered in Adversary Proceeding No. 08-09028 on August 6, 2009, be reversed and that summary judgment be directed in favor of the Appellant.

## STATEMENT OF THE CASE

This matter arises out of the involuntary Chapter 7 bankruptcy case of John G. McCormick, III ("Debtor") pending before the United States Bankruptcy Court for the Middle District of North Carolina (the "Bankruptcy Court"), Case No. 06-80976. The Appellant herein is a secured creditor in the bankruptcy case of the Debtor and the Appellee is the Chapter 7 Trustee. In the bankruptcy case, Appellee filed an Adversary Proceeding No. 08-09028 ("Adversary Proceeding") against Appellant seeking to avoid Appellant's deed of trust as to one of two tracts of land pursuant to N.C. Gen. Stat. § 47-20 and 11 U.S.C. § 544(a)(3).

A motion for summary judgment was filed by the Appellee. Appellant responded and asked for summary judgment as well. On August 6, 2009, after a hearing was held on the summary judgment motion, an order was entered granting summary judgment to the Appellee and the Appellants Marc and Maryann Macky (the "Mackys"). Pursuant to Fed.R.Civ.P. 59, Appellant filed a motion to alter or amend the court's order of August 6, 2009 and after notice and hearing, the court denied Appellant's motion. This appeal is

the Appellant's appeal of the Bankruptcy Court's order granting summary judgment to the Trustee/Appellee.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157. Venue is proper under 28 U.S.C. § 1408 and this is a core proceeding pursuant to 28 U.S.C. § 157.

## STATEMENT OF FACTS

Pursuant to a general warranty deed recorded in Book 1317, Page 134, Orange County Registry, on January 3, 1994, the Debtor acquired real property in Orange County, North Carolina. (*See* Complaint ¶ 5 and Answer thereto). The real property consists of two contiguous parcels of land ("Tract I" and "Tract II") (*See* Complaint, Exhibits A and B).

On November 1, 1999, the Debtor granted Central Carolina Bank and Trust Company, Appellant's predecessor in interest, a deed of trust against Tracts I and II ("the SunTrust Deed of Trust"). The SunTrust Deed of Trust was properly recorded on November 2, 1999 in Book 2007, Page 173 in the Orange County Registry. (*See* Complaint ¶ 6 and Answer thereto). On May 14, 2004, the Debtor granted the Mackys a deed of trust ("Macky Deed of Trust") against a portion of Tract I and the Macky Deed of Trust was recorded on July 14, 2004 in Book 3496, Page 569, Orange County Registry (*See* Complaint, Exhibit D).

On August 7, 2006, an involuntary bankruptcy proceeding was filed with the Bankruptcy Court against the Debtor and the Appellee was appointed as Chapter 7 trustee on October 13, 2006 (*See* BR Dkt. # 1 and 13). Appellee sold all of Tract I and the

Bankruptcy Court entered orders on September 3, 2008, approving the sales and transferring any liens against Tract I to proceeds (*See* BR Dkt. #626 and 627).

Since January 1, 1983, the official real property index for Orange County is a land parcel identifier number index system ("PIN Index") under which a unique PIN is assigned to every tract of land in Orange County. Out of 100 North Carolina counties, Orange County is the only county that employs the PIN system as its official indexing system; however, Orange County also uses the traditional grantor/grantee indexing system where instruments are indexed alphabetically according to the names of the parties to the transaction. When the SunTrust Deed of Trust was recorded in 1999, the Orange County Register of Deeds failed to correctly index the SunTrust Deed of Trust in the PIN Index. The SunTrust Deed of Trust was only indexed under the PIN assigned to Tract II; it was not indexed under the PIN assigned to Tract I until August 25, 2008. The SunTrust Deed of Trust was correctly indexed under the grantor/grantee index in 1999. Additionally, Tract I and Tract II are both listed on the same page of the SunTrust Deed of Trust. The Macky Deed of Trust was correctly indexed in both the PIN Index and the grantor/grantee index in 2004. (*See* AP Dkt. #35, Memorandum Opinion, Page 3).

## QUESTIONS PRESENTED

1. Whether the Bankruptcy Court erred in granting summary judgment in favor of the Appellee/Trustee and Appellants/Defendants Marc and Maryann Macky on August 6, 2009.

2. Whether the Bankruptcy Court erred by failing to view all evidence presented in the light most favorable to the Appellant as the non-moving party.

3. Whether the Bankruptcy Court erred by finding and determining as a matter of law that the SunTrust Deed of Trust was void and ineffective as a lien upon the real property in question.

4. Whether the Bankruptcy Court improperly applied North Carolina law to reach the conclusion that the failure of the Orange County Register of Deeds to properly index the SunTrust Deed of Trust was such a fatal flaw as to allow the Appellee/Trustee to avoid the SunTrust Deed of Trust, making the Macky Deed of Trust first in priority.

5. Whether the Bankruptcy Court erred in failing to grant summary judgment in favor of the Appellant.

6. Whether the Bankruptcy Court erred in failing to grant Appellant's *Motion to Alter or Amend Judgment.*

## STANDARD OF REVIEW

The standard of review for matters appealed from the Bankruptcy Court to this Court is the application of a "clearly erroneous standard," for findings of fact and a de novo review for conclusions of law. "When reviewing the decision of a bankruptcy court, the district court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a de novo review of its conclusions of law." *Rice v. Parks,* 1999 U.S. Dist. LEXIS 21229, (M.D.N.C. 1999); *see also Bebber v. J.M. Westall & Co. (In Re Bebber),* 192 B.R. 120, 121 (W.D.N.C. 1995).

## ARGUMENT

### I. THE APPELLEE/TRUSTEE HAD CONSTRUCTIVE NOTICE OF THE SUNTRUST DEED OF TRUST, THEREBY DEFEATING THE APPELLEE'S/TRUSTEE'S 11 U.S.C. § 544 POWER TO AVOID THE SUNTRUST DEED OF TRUST.

North Carolina is a "pure race" jurisdiction and as such, the first entity to register an interest in real property has priority over all other potential lienholders, regardless of actual or constructive notice as to any unregistered or unrecorded liens. *Rowe v. Walker*, 441 S.E.2d 156 (N.C.App. 1994), *aff'd,* 455 S.E.2d 160 (N.C. 1995). A deed of trust must be registered in the county where the land lies in order to be properly registered in North Carolina. N.C. Gen. Stat. §47-20.1.

Under North Carolina law, in order for recordation to be effective as a notice, there must be substantial compliance with the indexing statutes. *Cuthrell v. Camden County*, 118 S.E.2d 601 (N.C. 1961), quoting the holding in *Dorman v. Goodman*, 196 S.E. 352, 355 (1938). The SunTrust Deed of Trust substantially complies with the indexing statues in that it was recorded in the proper county, with the proper legal descriptions, and was properly indexed under the PIN system as to Tract II. The SunTrust Deed of Trust was also properly indexed as to both Tracts I and II under Orange County's grantor/grantee index. Moreover, as the legal description for both Tracts I and II appear on the same page of the SunTrust Deed of Trust and anyone conducting a title examination in accordance with the well-established principles of North Carolina law set out herein, most notably the principle that one searching title is on notice of every recitation and description in a recorded document, would thus be on constructive notice of the

Appellant's lien as to Tract I. The only reason the recordation of the SunTrust Deed of Trust did not fully comply with the indexing statute was due to an error made by the Orange County Clerk's office; an action that was beyond the control of the Appellant.

A. **Under North Carolina law, any party purporting to be a bona fide purchaser of real property, including a bankruptcy trustee acting pursuant to 11 U.S.C. § 544, has a duty to examine the contents of each recorded instrument in the chain of title and are charged with constructive notice of everything such a search would reveal.**

Purchasers of land are charged not only with notice of that found solely in the index, but also have a duty to examine the contents of each recorded instrument in the chain of title individually. *Turner v. Glenn,* 18 S.E.2d 197, 201 (1942) (pertaining to notice of restrictive covenants). A bankruptcy trustee may be prohibited from exercising his 11 U.S.C. §544 powers ("strong-arm powers") if constructive notice existed which would have alerted a potential BFP to an error in the deed of trust. *In Re Boardwalk Development Co., Inc.,* 72 B.R. 152, 155 (Bankr. E.D.N.C. 1987 – J. Small). In *Boardwalk,* the court recognized that a bankruptcy trustee may be prohibited from exercising his strong-arm powers if constructive notice existed which would have alerted a potential bona fide purchaser ("BFP") to an error in the deed of trust. "Nevertheless, it is a universally accepted principle that 'constructive notice from the possession of the means of knowledge, will have that effect [of notice], although the party were actually ignorant\*\*\*merely because he would not investigate. It is well settled that, if anything appears to a party calculated to attract attention or stimulate inquiry, the person is

- 6 -

Case 1:09-cv-00924-TDS   Document 14   Filed 01/19/10   Page 10 of 20

affected with knowledge of all that the inquiry would have disclosed.'" *West v. Jackson*, 198 N.C. 693, 153 S.E. 257 (1930).

Pursuant to North Carolina law, purchasers of real property have a duty to examine each and every recorded document in the chain of title of the purchased real property. Additionally, purchasers of real property in North Carolina take title to the real property subject to any issues that such an examination would reveal. In *Morehead v. Harris,* the North Carolina Supreme Court wrote:

> "A person is as a general rule charged with notice of what appears in the deeds or muniments in his grantor's chain of title, including…instruments to which a conveyance refers…Under this rule, the purchaser is charged with notice not only of the existence and legal effects of the instruments, but also of **every description**, recital, reference, and reservation therein… **If the facts disclosed in a deed in the chain of title are sufficient to put the purchaser on inquiry, he will be charged with notice of what a proper inquiry would have disclosed.** One who uses a deed in the necessary deduction of his title, which discloses an equitable title in another, is affected with notice of the trust. A purchaser is presumed to have examined each recorded deed or instrument in his line of title *and to know its contents*." (internal citations omitted, emphasis added)."

*Morehead v. Harris,* 262 N.C. 330, 340 137 S.E.2d 174, 183-184 (1964).

This holding from the North Carolina Supreme Court illustrates two well settled points of law in this state. First, where potential issues are disclosed in documents that are in the real property's chain of title, a purchaser of real property is put on notice of the potential issues and takes title to the property subject to the potential issues. *Id.* Second, the purchaser of real property in North Carolina takes title to the real property subject to every description of property that is contained in the documents composing the chain of title in the real property. *Id.* Given these two principles of North Carolina real property

- 7 -

law, it necessarily follows that if real property is properly described in a deed of trust, is a matter of public record, and that a title search was conducted properly with the manner of prescribed care that would put a title searcher on notice of potential issues within the chain of title, a purchaser of real property, or as in this case, the Appellee/Trustee, cannot claim BFP status.

### B. Appellee/Trustee is not a BFP under 11 U.S.C. § 544 because a careful and prudent search of the public land records would disclose the existence of the SunTrust Deed of Trust as to Tract I.

Appellee, in his capacity as Trustee and exercising his strong-arm powers as a hypothetical BFP, is not charged with actual notice of any defects in title, however, he is subject to all constructive notice provisions of the state in which he is attempting to assert his strong-arm power. *In Re Suggs,* 355 B.R. 525 (Bankr. M.D.N.C. 2006 – J. Carruthers). The Appellee would not be considered a BFP under North Carolina law if a careful and prudent search of the chain of title would have revealed the existence of the SunTrust Deed of Trust upon Tract I. In *Booth v. Strickland,* 2004 WL 2782561 (Bankr. M.D.N.C. – J. Stocks), the court held:

> "The standard for determining whether a recorded deed or deed of trust is in the chain of title for a particular tract of real property in North Carolina is whether such an instrument is indexed in a manner which would put a careful and prudent title examiner upon inquiry, and if upon such inquiry the instrument would be found by the careful and prudent examiner."
> Booth v. Strickland, 2004 WL 2782561 (Bkrtcy.M.D.N.C., 2004) *quoting* B.C. Cuthrell v. Camden County, 254 N.C. 181 (1961).

*Colliers* treatise on Bankruptcy contains a helpful summary regarding the Trustee's strong-arm powers with respect to real property:

- 8 -

> "The trustee has the rights of a bona fide purchaser of real property... State law governs who may be a bona fide purchaser and the rights of such a purchaser for purposes of subsection 544(a)(3). Pursuant to that subsection, the trustee is given the rights and powers of a bona fide purchaser of real property from the debtor if at the time of the commencement of the case a hypothetical buyer could have obtained bona fide purchaser status, so the trustee can avoid any liens or conveyances that a bona fide purchaser could avoid. As a hypothetical bona fide purchaser, the trustee under this subsection is deemed to have **conducted a title search**, paid value for the property and perfected its interest as a legal title holder as of the date of the commencement of the case... However, the trustee's right as a bona fide purchaser **does not override state recording statutes and permit avoidance of any interest of which a trustee would have had constructive notice under state law**. Thus, a trustee generally can avoid an unrecorded transfer of land, but not after having been put on constructive notice or inquiry of a prior claim." (Emphasis added).

*Colliers on Bankruptcy* – 15th Ed. Rev. p. 544.08

This principle, namely that a bankruptcy trustee with constructive knowledge of the potential defects in the chain of title to real property may not exercise his strong-arm powers and avoid a deed of trust, was recently upheld in *Butler v. Deutsche Bank Trust Company (In Re Rose),* 2009 WL 2226658 (Bankr. E.D.N.C July 20, 2009).

Appellee/Trustee had constructive notice of the SunTrust Deed of Trust as he occupied the Debtor's position as owner of Tracts I and II on the petition date. Had the Appellee/Trustee conducted a careful and prudent title examination of the SunTrust Deed of Trust, which he is deemed to have done, such examination would have revealed the existence of the SunTrust Deed of Trust as a valid lien upon the Debtor's real property. Specifically, even though Tract I was not properly indexed in the Parcel Identifier Number Index ("PIN Index") system until August 25, 2008, it is undisputed that Tract II was properly indexed in the PIN Index and that the legal descriptions of Tract I and Tract

- 9 -

II are contained on the same page of the SunTrust Deed of Trust. In accordance with the principles of North Carolina law charging prospective purchasers with constructive notice of "every description, recital, reference, and reservation" contained in recorded instruments, *see Morehead, supra.*, it follows that a prospective purchaser, including the Trustee as of the Petition Date, would have been on notice of the fact that the <u>SunTrust Deed of Trust described and encumbered both Tracts I and II</u>. As a result, the Trustee may not claim that he takes Tract I free and clear of the lien of the SunTrust Deed of Trust.

In addition, while the PIN Index may be the "official" index for Orange County, North Carolina, it is not, and was never intended to be the *exclusive* way to search for deeds of trust because Orange County also maintains an automated Grantor/Grantee index similar to the one used in all other counties in North Carolina. In fact, when an individual arrives at the main search page of the *Orange County Register of Deeds Land Records Search Page* the opening screen encourages users to search the Grantor/Grantee Index.[1] A careful and prudent title searcher in North Carolina in general, and Orange County in particular, would search <u>all</u> public records, to include the grantor/grantee index of Orange County.[2] Such a search of the chain of title would disclose the existence of the SunTrust Deed of Trust as to Tract I, giving the Appellee/Trustee constructive notice of

---

[1] *See* Exhibit B, Print of Orange County Register of Deeds Land Records Search Page, to *Defendant Suntrust Bank, N.A.'s Memorandum of Law in Opposition to Plaintiff's Motion For Summary Judgment and in Support of Defendant's Motion for Summary Judgment Screen.*

[2] *See* Exhibit D, Affidavit of Kendall Page, *Defendant Suntrust Bank, N.A.'s Memorandum of Law in Opposition to Plaintiff's Motion For Summary Judgment and in Support of Defendant's Motion for Summary Judgment.*

the defect and defeating his status as a BFP, thereby barring the Appellee's/Trustee's use of his strong-arm powers.

## II. THE BANKRUPTCY COURT ERRED BY AVOIDING THE SUNTRUST DEED OF TRUST, TREATING THE SUNTRUST DEED OF TRUST AS IF IT HAD NEVER BEEN INDEXED.

The matter presently before the Court is analogous to the line of cases decided by North Carolina courts in regards to <u>lack</u> of indexing an instrument under the name of one of two or more record owners. (*See, Prudential Insurance Co. of America v. Forbes,* 165 S.E. 699 (1932), *West v. Jackson,* 198 N.C. 693, 153 S.E. 257 (1930), *Clement v. Harrison,* 138 S.E. 308 (1927).

In these cases, the court treated the lack of indexing under one of several owners as a <u>mis-indexing situation</u>, as opposed to a complete lack of indexing. Pursuant to those decisions, the court found the instruments in question to be validly registered because a reasonably prudent examiner searching other names in which the instrument was indexed could not have reasonably disregarded the information acquired by finding the instrument in the chain of title to the other owners. Much like the omission of an owner under an index by name, this case involves merely the omission of reference to one of two tracts of land under a PIN indexing system, and anyone with an interest in both tracts (such as the Appellee/Trustee) should not be able to disregard the constructive notice provided by the recorded SunTrust Deed of Trust upon Tract I acquired by reason of the duty to examine the entirety of the SunTrust Deed of Trust as to Tract II.

In addition to the foregoing, this matter should also be considered in light of the interest of Appellant which is not dependent upon the recording statutes, namely that of parole trust, which are outside of the recording statutes. An important exception to the North Carolina recording statutes also exists when a recorded instrument makes reference to an unrecorded interest. *See, Hardy v. Fryer*, 194 N.C. 420, 139 S.E. 833 (1927). Again, the same rationale would apply as above, namely, that anyone charged with constructive notice in regards to Tract I (namely the Trustee), would have also been charged with the notice of the SunTrust Deed of Trust on Tract I although not indexed in the official PIN index.

The North Carolina Court of Appeals reviewed a Middle District of North Carolina bankruptcy case in *Mickel-Hopkins, Inc. v. Frassinetti*, 278 F.2d (1960). In this case, the Bankruptcy Trustee sought to avoid a chattel mortgage whose manner of indexing made it confusing as to whether the transaction was a bill of sale or conditional sales contract. In determining whether the instrument as recorded was sufficient under North Carolina law to put an interested person on notice of the chattel mortgage, the court observed:

> "Preliminarily, it is to be noted that there is no showing that anyone was actually harmed or misled by the irregularity or mistake in this case. It would thus be quite inequitable to deprive Mickel-Hopkins of its lien, and the North Carolina law does not require us to do so." *Id.* at 303.

The court acknowledged that although there was some confusion in the indexing as to whether the document was a bill of sale or a conditional sales contract, the court held that a prudent and careful examiner would have gone to the actual document and determined

that the document was not one of an outright sale. The court went on to state North Carolina case law evidences "a reluctance to enforce the formal requirements of the recording statute with inexorable strictness amounting to total disregard of resulting inequities" and ruled that the chattel mortgage was in the chain of title and therefore could not be avoided by the bankruptcy trustee. *Id.* at 305.

As in *Mickel-Hopkins,* no individual has been actually harmed or misled by the failure of the Orange County Register of Deeds to properly index Tract I in the PIN Index. Due to the fact that no one has been harmed, it would work a great inequity on Appellant to deprive it of its first lien (and therefore payment in full of the debt owed to Appellant) on the basis that the official indexing requirements in Orange County were not followed due to an error by personnel in the Orange County Registry of Deeds and not the Appellant. Had a careful and prudent examination of Debtor's title to the property in question been conducted, it would have clearly revealed the existence of the SunTrust Deed of Trust. North Carolina state law shies away from enforcing "inexorable strictness" that would lead to any other result. *Id.*

## CONCLUSION

For all of the reasons set forth above, Appellant contends that the Bankruptcy Court erred when it granted summary judgment to the Appellee and also when the Bankruptcy Court denied Appellant's *Motion to Alter or Amend Judgment.* Accordingly, Appellant respectfully requests that the Bankruptcy Court's Order be reversed and that

summary judgment be directed in favor of the Appellant, and that the Court grant such other and further relief as it may seem just and proper.

Respectfully submitted,

This the 19th day of January 2010.

THE LAW FIRM OF HUTCHENS, SENTER & BRITTON, P.A.

/s/Joseph J. Vonnegut
JOSEPH J. VONNEGUT
Attorney for Appellant Suntrust Bank, N.A.
P.O. Box 2505
Fayetteville, North Carolina 28302
(910) 864-2668
N.C. State Bar No. 32974
Email: jvonnegut@hutchensandsenter.com

# CERTIFICATE OF SERVICE

I, Joseph J. Vonnegut, attorney for Suntrust Bank, N.A., in the above-entitled action, hereby certify that on the 19th day of January, 2010, I electronically filed the foregoing **Brief For Appellant, SunTrust Bank, N.A.** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert Nelson Maitland, II
middledistrict@maitlandlaw.com
Counsel for Appellants Marc and Maryann Macky

David M. Rooks, III
dmr@nbfirm.com
Counsel for Appellee John A. Northen

Michael D. West
Michael_West@ncmba.uscourts.gov
Bankruptcy Administrator

John A. Northen
jan@nbfirm.com
Trustee/Appellee

The undersigned further certifies that the foregoing was served on the following, who do not participate in electronic filing under the CM/ECF system, by depositing copies thereof in a depository under the exclusive care and custody of the United States

Postal Service in a postage prepaid envelope properly addressed as follows:

John G. McCormick
ID No. 1079238
Piedmont Correctional Institution
1245 Camp Road
Salisbury, North Carolina 28147

Dated: This 19th day of January, 2010.

THE LAW FIRM OF HUTCHENS, SENTER & BRITTON, P.A.

/s/Joseph J. Vonnegut
JOSEPH J. VONNEGUT
Attorney for Appellant Suntrust Bank, N.A.
P.O. Box 2505
Fayetteville, North Carolina 28302
(910) 864-2668
N.C. State Bar No. 32974
Email: jvonnegut@hutchensandsenter.com