IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SUNTRUST BANK, N.A., MARC MACKY AND MARYANN MACKY, <br><br> Appellants, <br><br> v. <br><br> JOHN A. NORTHEN, TRUSTEE, <br><br> Appellee. | Case No. 1:09-cv-00924-TDS |

**APPELLEE'S BRIEF**

Table of Contents

TABLE OF CASES ..................................................................................................................ii

STANDARD OF APPELLATE REVIEW......................................................................................1

STATEMENT OF THE CASE......................................................................................................1

ARGUMENT ................................................................................................................................3

    THE BANKRUPTCY COURT CORRECTLY AVOIDED THE SUNTRUST
    DEED OF TRUST BECAUSE IT WAS NOT INDEXED IN THE SOLE
    OFFICIAL INDEX FOR LAND RECORDS IN ORANGE COUNTY, NORTH
    CAROLINA AT THE TIME THE TRUSTEE WAS APPOINTED.

CONCLUSION.............................................................................................................................7

## TABLE OF CASES

### CASES

*Cooper v. Mortgage Investors Corp. (In re Kline)*
   242 B.R. 306, (Bankr. W.D.N.C, 1999)................................................................................ 5
*Ely v. Norman*
   175 NC 294 at 299, 95 S.E. 543 at 546 (1918) ......................................................................5
*Hill v. Pinelawn Memorial Park, Inc*.
   304 N.C. 159, 163 (N.C. 1981) ..............................................................................................3
*Northern v. SunTrust Bank, N.A. (In re McCormick*)
   417 B.R. 362 (Bankr. M.D.N.C. 2009)...............................................................................1, 5
*Rice v. Parks*
   199 U.S.Dist. LEXIS 21229 (M.D.N.C. 1999)......................................................................1

### STATUTES

11 U.S.C § 541..............................................................................................................................2
11 U.S.C § 544(a) ..................................................................................................................1, 3, 7
N.C. Gen. Stat. § 47-20 .............................................................................................................3, 7
N.C. Gen. Stat. § 161-21 ...............................................................................................................4
N.C. Gen. Stat. § 161-21.1 ............................................................................................................4
N.C. Gen. Stat. § 161-22 ............................................................................................................4, 5
N.C. Gen. Stat. § 161-22.2 .........................................................................................................4, 5
N.C. Gen. Stat. § 161-22.3 ............................................................................................................4

### TREATISES

COLLIER ON BANKRUPTCY, 15th ed., ………………………………………….................3
WEBSTER'S REAL ESTATE LAW IN NORTH CAROLINA (5th ed. 1998)……………….....................5, 6

STANDARD OF APPELLATE REVIEW

This is an appeal from an order of the Bankruptcy Court granting Appellee's motion for summary judgment. The parties agreed on all material facts and the Bankruptcy Court ruled based on its construction of the relevant statutes so the standard of review on appeal is *de novo*. *Rice v. Parks,* 199 U.S.Dist. LEXIS 21229 (M.D.N.C. 1999).

STATEMENT OF THE CASE

This case is before the court on appeal from a decision of the United States Bankruptcy Court for the Middle District of North Carolina granting the Appellee Bankruptcy Trustee's motion for summary judgment in Adversary Proceeding No. 08-09028 in which the Trustee sought to avoid the lien of Appellant SunTrust's deed of trust on certain property in Orange County, North Carolina pursuant to 11 U.S.C § 544(a)(3) of the Bankruptcy Code. *Northern v. SunTrust Bank, N.A. (In re McCormick*), 417 B.R. 362 (Bankr. M.D.N.C. 2009). The basis of the Trustee's motion is that the deed of trust was not properly indexed against one of the two tracts described in the deed of trust in Orange County's land records on the date of the Trustee's appointment and as such would not have been effective against him as a hypothetical bona fide purchaser on that date.

The undisputed facts upon which the Trustee relied and the Bankruptcy Court ultimately ruled are:

On August 7, 2006 (the "Petition Date"), an involuntary bankruptcy proceeding was filed against John G. McCormick (the "Debtor"). John A. Northen was appointed Trustee for the Debtor on October 13, 2006. (Trustee's affidavit ¶1 and SunTrust's response to ¶ I of Plaintiffs complaint).

As of the Petition Date, the Debtor was the record owner of Tract I consisting of Lots 1-6

1

as shown on plat recorded in Plat Book 37, at Page 8, and Tract II consisting of Lots 41 -42 as shown on plat recorded in Plat Book 76, at Page 538. Tracts I and II were property of the bankruptcy estate pursuant to § 541 of the Bankruptcy Code.   (Trustee's affidavit at ¶2).

The Debtor delivered a deed of trust to Central Carolina Bank, SunTrust's predecessor, dated November 1, 1999 and recorded November 2, 1999 in which Debtor attempted to grant SunTrust a lien on Tracts I and Tract II. (Trustee's affidavit at ¶3).

The Debtor also delivered a deed of trust encumbering a portion of Tract I to Appellants Mackey ("Mackey Deed of Trust") dated May 14, 2004 and recorded on July 14, 2004 in Book 3496, Page 569.

 Effective January 1, 1983 and continuing to the present day, the Orange County Register of Deeds uses a land parcel identifier number ("PIN") system as the official indexing method for documents recorded in Orange County instead of the traditional name based grantor/grantee index. In the PIN system, each parcel of land is assigned a unique identifying number and all transactions relating to that parcel are indexed under the PIN assigned to that tract. (Trustee's affidavit at ¶ 5).

After adopting the PIN index as the official index, Orange County continued to maintain a grantor/grantee index in part to provide coverage for the gap between the date through which the Register of Deeds had finished processing new recordings and certified the PIN index and the current date. (DeMaere affidavit at ¶ 5)

The Orange County Register of Deeds erroneously indexed the SunTrust deed of trust only under the under the PIN number assigned to Tract II and did not correct the error until August 25, 2008.   (Trustee's affidavit at ¶ 6).

A search of the official index in Orange County on the Petition Date would not have

revealed the existence of the SunTrust deed of trust as a lien against Tract I. (Trustee's affidavit at ¶7; DeMaere Affidavit at ¶ 5).

*Argument*

**THE BANKRUPTCY COURT CORRECTLY AVOIDED THE SUNTRUST DEED OF TRUST BECAUSE IT WAS NOT INDEXED IN THE SOLE OFFICIAL INDEX FOR LAND RECORDS IN ORANGE COUNTY, NORTH CAROLINA AT THE TIME THE TRUSTEE WAS APPOINTED.**

Under 11 U.S.C. § 544(a) (3), a bankruptcy trustee has all the rights of a hypothetical bona fide purchaser of the debtor's real property as of the commencement date of the case and has the right to avoid and take the property free of transfers and claims that would not have been valid against a bona fide purchaser from the debtor as of that date. This is true even if the trustee has actual knowledge of the unregistered transfer as of the commencement date. *See,* COLLIER ON BANKRUPTCY, 15th Ed., ¶ 544.08.

The Trustee does not dispute that SunTrust is the holder of a promissory note and deed of trust, that the SunTrust deed of trust was recorded in Orange County prior to the Petition Date, or that the SunTrust deed of trust describes and purports to encumber both Tract I and Tract II. The Trustee simply contends that the SunTrust deed of trust was not registered so as to be effective against bona fide purchasers of Tract I because it was not indexed against Tract I in the official Orange County index as of the Petition Date.

North Carolina is a "pure race" state where whoever is first to record an interest in land trumps other subsequently recorded interests even if the first to record has actual notice of the conveyance to the other purchaser. *Hill v. Pinelawn Memorial Park, Inc*., 304 N.C. 159, 163 (N.C. 1981). N.C. Gen. Stat. § 47-20 deals with the priority of deeds of trust and provides:

> No deed of trust . . . shall be valid to pass any property as against lien creditors or purchasers for valuable consideration from the grantor . . . but from the time of

3

registration thereof as provided in this article.

N.C. Gen. Stat. § 161-21 through N.C. Gen. Stat. § 161-22.3 deal with how instruments should be indexed by the Register of Deeds. The traditional index used in most counties is the alphabetically arranged grantor and grantee indices authorized in N.C. Gen. Stat. § 161-22 and 161-22.1. N.C. Gen. Stat. § 161-22.2 authorizes counties to use a tract based system using parcel identifier numbers unique to each parcel as the indexing method instead of the grantor/grantee index. N.C. Gen. Stat. § 161-22 as it existed on the date the SunTrust deed of trust was recorded and on the commencement date of Debtor's bankruptcy proceeding provided:

> (a) The register of deeds shall provide and keep in her or his office full and complete alphabetical indexes of the names of the parties to all liens, grants, deeds, mortgages, bonds, and other instruments required or authorized to be registered, and such indexes shall state in full the names of all parties, whether grantors, grantees, vendors, vendees, obligors, or obligees. . . . Reference shall be made, opposite each name, to the book and page or other location where the instrument is registered. All instruments shall be indexed on either the temporary or permanent index within 24 hours of registration . . . .
>
> (c) Instruments affecting real property shall be indexed in the appropriate real property indexes...
>
> (h) No instrument shall be deemed registered until it has been indexed as provided in this section.

N. C. Gen. Stat. § 161-22.2 provided:

> (a) **In lieu of** the alphabetical indexes required by G.S. 161-21, 161-22 and 161-22.1, the register of deeds of any county in which unique parcel identifier numbers have been assigned to all parcels of real property may install an index by land parcel identification numbers . . . .
>
> (b) Every instrument affecting real property filed for recording in the office of such register of deeds shall be indexed under the parcel identifier number of the land parcel or parcels affected.
>
> (e) (1) An approved parcel identifier number index shall become effective as the official real property index of the county as of the first day of July or the first day of January, as the board of commissioners directs, following approval by the Secretary of

4

State.

(2) In any county in which a parcel identifier index is the official index, the register of deeds shall post notices in the alphabetical index books and at other appropriate places in his office slating that the parcel identifier number index is the official index and the date when the change became effective.[1]

(Emphasis added)

The Bankruptcy Court construed N.C. Gen. Stat. §§ 161-22 and 161-22.2 to mean that from and after January 1, 1983 the PIN index was the real property index in which an instrument must be indexed in order to be deemed registered within the meaning of N.C. Gen. Stat. § 161-22 (h) in Orange County. This would be true even if Orange County continued to maintain a separate grantor/grantee index. The Court pointedly observed that "if an instrument could be registered without being indexed in the official index, then there is no point in designating an official index." *Northern v. SunTrust Bank, N.A*., 417 B.R. 362, 370.

The Register of Deeds failed to index the SunTrust deed of trust in the PIN System against the PIN numbers assigned to Tract I at the time the deed of trust was recorded and did not correct the error until August 25, 2008. This means the deed of trust was not properly indexed and therefore not properly registered at the time the bankruptcy case was commenced or for that matter, when the Mackey Deed of Trust was recorded. As noted in *Ely v. Norman,* 175 NC 294 at 299, 95 S.E. 543 at 546 (1918), "indexing of deeds is an essential part of their registration." An instrument relating to real property "is not effectively recorded unless indexed in such a manner to disclose to a careful and prudent title examiner the existence and location of the recorded instrument." WEBSTER'S REAL ESTATE LAW IN NORTH CAROLINA § 17-6(a)(5th ed. 1998). *See also, Cooper v. Mortgage Investors Corp. (In re Kline),* 242 B.R. 306, (Bankr. W.D.N.C, 1999).

---

[1] The notice required by this section appears on the Orange County Register of Deeds' website at http://web.co.orange.nc.us/RODinquiry/index.aspx.

Appellant SunTrust's argument that the Trustee as hypothetical a bona fide purchaser of the property on the commencement date of the bankruptcy would have had constructive notice of the SunTrust deed of trust would be well founded if Orange County used a traditional grantor/grantee index as the official index. A careful and prudent title examiner in a county where the name based grantor/grantee index is the official index would have constructed a chain of title using the grantee index and checked every instrument indexed under each owner's name during the time that owner owned the property in the grantor index and no doubt would have found the SunTrust Deed of Trust indexed under Debtor's name in the grantor index. WEBSTER'S, supra § 22-1.

The key distinction between a PIN system and the traditional grantor/grantee index is that the PIN system is a tract based as opposed to a name based index. A careful and prudent title examiner in a county where the PIN system is the official index would not construct the chain of title or run adverse conveyances in the traditional way using the names of the owners. Rather, the examiner would have checked all transactions under the PIN assigned to the tract in question and would have no reason to look at transactions not indexed under the PIN assigned to the tract.

Presumably the argument for converting from a name based indexing system to a tract based system is that the tract based system reduces the number of indexing errors or search errors that easily occur when using a name based system. Every title searcher using a name based system is at peril from the owner who uses his full name on some instruments, his initials on others and partial or nickname on yet others. Hence, the significant body of case law Appellant cites in its brief regarding what a reasonably careful prudent title examiner would do when using a name based system. Switching to a tract based system removes this risk but it does

6

depend on the Register of Deeds making the correct PIN assignments. This case illustrates what happens when the Register makes a mistake. The Trustee takes no position on which system is better. That is a matter for the General Assembly and the Orange County Commissioners to decide. Orange County decided that the PIN system would be preferable as the official index and title searchers must use and are entitled to rely on the indexing system the Commissioners mandate. To argue as Appellant does that a careful and prudent title examiner must still check the unofficial grantor/grantee system when the PIN index is the official index is to make the statutory authorization for PIN systems meaningless.

## *Conclusion*

For the foregoing reasons, the decision of the Bankruptcy Court allowing the Trustee to avoid the SunTrust Deed of Trust against Tract 1 in accordance with N. C. Gen. Stat. § 47-20 and 11 U.S.C. § 544(a) should be affirmed.

Respectfully submitted this the 26th day of January 2010.

/s/ David M.Rooks

David M. Rooks, NCSB #7292
Stephanie Osborne-Rodgers, NCSB#29374
NORTHEN BLUE, L.L.P.
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone:  919-968-4441
*Attorneys for the Trustee*

7

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on the below date, the undersigned served a copy of the foregoing electronically and/or by depositing the same, enclosed in a post paid wrapper, properly addressed to the following parties in interest, at their last known addresses as shown below, in a post office or official depository under the exclusive care and custody of the United States Postal Service:

Joseph J. Vonnegut
Attorney at Law
P.O. Box 2505
Fayetteville, NC 28302

Robert N. Maitland, II
Attorney at Law
2 Couch Road
Chapel Hill, NC 27514

Michael D. West
Bankruptcy Administrator
P.O. Box 1828
Greensboro, NC 27402

This the 26th day of January 2010.

/s/   David M. Rooks