IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SUNTRUST BANK, N.A.,
MARC MACKY AND MARYANN MACKY,

CASE NO. 1:09-CV-00924-TDS

APPELLANTS;

V.

JOHN A. NORTHEN,

APPELLEE.

On Appeal from the Judgment of the United States Bankruptcy Court
For the Middle District of North Carolina

JOHN A. NORTHEN,
Trustee in Bankruptcy for JOHN G. MCCORMICK, et al.,

          PLAINTIFF,

Adversary Proceeding
Case No. 08-09028

V.

SUNTRUST BANK, N.A.
MARC MACKY and MARYANN MACKY,

          DEFENDANTS.

## APPELLANT'S REPLY TO APPELLEE'S BRIEF

JOSEPH J. VONNEGUT
The Law Firm of Hutchens, Senter & Britton, P.A.
4317 Ramsey Street
P.O. Box 2505
Fayetteville, North Carolina 28302
(910) 864-2668 *phone* / (910) 864-6177 *facsimile*
Attorney for Appellant, SunTrust Bank, N.A.
North Carolina State Bar No. 32974
jvonnegut@hutchensandsenter.com

# TABLE OF CONTENTS

ARGUMENT ........................................................................................................................... 2

   I.  THE APPELLEE/TRUSTEEE HAD CONSTRUCTIVE NOTICE OF
THE SUNTRUST DEED OF TRUST, THEREBY DEFEATING THE
APPELLEE'S/TRUSTEE'S 11 U.S.C. § 544 POWER TO AVOID THE
SUNTRUST DEED OF TRUST ................................................................................... 2

   II.  THE BANRUPTCY COURT ERRED BY AVOIDING THE SUNTRUST
DEED OF TRUST, TREATING THE SUNTRUST DEED OF TRUST AS
IF IT HAD NEVER BEEN INDEXED ......................................................................... 4

CONCLUSION ....................................................................................................................... 5

# TABLE OF AUTHORITIES

## CASES

*Booth v. Strickland*
  2004 WL 2782561 (Bankr.M.D.N.C., 2004) ................................................................. 3

*Butler v. Deutsche Bank Trust Company (In Re Rose)*
  2009 WL 2226658 (Bankr. E.D.N.C July 20, 2009) ..................................................... 2

*Clement v. Harrison*
  138 S.E. 308 (1927) ...................................................................................................... 4

*Cuthrell v. Camden County*
  118 S.E.2d 601 (N.C. 1961) ......................................................................................... 2

*Dorman v. Goodman*
  196 S.E. 352, 355 (1938) .............................................................................................. 2

*Hardy v. Fryer*
  194 N.C. 420, 139 S.E. 833 (1927) .............................................................................. 4

*In Re Boardwalk Development Co., Inc.*
  72 B.R. 152, 155 (Bankr. E.D.N.C. 1987) ................................................................... 3

*In Re Suggs*
  355 B.R. 525 (Bankr. M.D.N.C. 2006 ) ....................................................................... 2

*Mickel-Hopkins, Inc. v. Frassinetti*
  278 F.2d 301, 305 (1960) .............................................................................................. 5

*Morehead v. Harris*
  262 N.C. 330, 340 137 S.E.2d 174, 183-184 (1964) ................................................... 3

*Prudential Insurance Co. of America v. Forbes*
  165 S.E. 699 (1932) ...................................................................................................... 4

*Turner v. Glenn*
  18 S.E.2d 197, 201 (1942) ......................................................................................... 2,3

*West v. Jackson*
  153 S.E. 257 (1930) .................................................................................................... 4

## STATUTES

11 U.S.C. § 544 ................................................................................................................ 2

11 U.S.C. § 544(a)(3) ....................................................................................................... 2

## TREATISES

Colliers on Bankruptcy – 15th Ed. Rev. 2007 p. 544.08 ................................................... 2

NOW COMES SunTrust Bank, N.A., the Appellant herein, by and through counsel, and respectfully submits this brief in response to Appellee's brief in the above referenced matter.

Appellee's /Trustee's brief implies that the SunTrust Deed of Trust was not properly recorded; it was. The SunTrust Deed of Trust was recorded in Orange County (the location of the real property), was properly indexed under the PIN Index as to Tract II, and was properly indexed under the grantor/grantee system as to both Tracts I and II, thereby <u>substantially complying</u> with the indexing statutes.

In his brief, the Appellee/Trustee also failed to address the fact that he had constructive notice of the SunTrust Deed of Trust by virtue of the fact that the legal descriptions for both Tract I and Tract II appeared on the same page of the deed of trust and under North Carolina law, the Appellee/Trustee is deemed to have knowledge of the contents of each and every document contained in the chain of title; in this case, having constructive notice of the SunTrust Deed of Trust as to Tract I due to the fact that it was contained in the chain of title as to Tract II which was properly indexed under the PIN Indexing System; the Appellee/Trustee holding the same position as to Tract II that he occupied as to Tract I.

Finally, Appellee/Trustee did not address the argument that there was no one that was actually harmed or misled by the Orange County Registry's mistake and the fact that the Appellant suffers a great inequity by the Bankruptcy Court's ruling, treating the

SunTrust Deed of Trust as though it had never been recorded, thereby depriving it of its first lien position and denying Appellant payment in full on the debt owed to Appellant.

## ARGUMENT

### I. THE APPELLEE/TRUSTEE HAD CONSTRUCTIVE NOTICE OF THE SUNTRUST DEED OF TRUST, THEREBY DEFEATING THE APPELLEE'S/TRUSTEE'S 11 U.S.C. § 544 POWER TO AVOID THE SUNTRUST DEED OF TRUST.

The Appellee/Trustee had <u>constructive notice</u> of the SunTrust Deed of Trust, thereby defeating his rights as a hypothetical bona fide purchaser ("BFP") of the debtor's real property under 11 U.S.C. §544(a)(3) ("strong arm power"). The trustee's actual knowledge of an unregistered transfer will not defeat his strong arm powers under the bankruptcy code; <u>constructive notice</u> will. *In Re Suggs,* 355 B.R. 525 (Bankr. M.D.N.C. 2006 –J. Carruthers), *Colliers on Bankruptcy* p. 544.08 (15th Ed. Rev. 2007), *Butler v. Deutsche Bank Trust Company (In Re Rose),* 2009 WL 2226658 (Bankr. E.D.N.C. July 20, 2009).

As detailed in Appellant's original brief in this case, the SunTrust Deed of Trust was effectively recorded because it <u>substantially complied</u> with the indexing statutes. *Cuthrell v. Camden County,* 118 S.E.2d 601 (N.C. 1961), quoting the holding in *Dorman v. Goodman,* 196 S.E. 352, 355 (1938). This <u>substantial compliance</u> with North Carolina's recording statutes, coupled with the well established principle of North Carolina law that one searching title is on notice of every recitation and description in a recorded document, constitutes <u>constructive notice</u> which does defeat the Appellee's/Trustee's attempt to exercise his strong arm powers. *Turner v. Glenn,* 18

S.E.2d 197, 201 (1942), *In Re Boardwalk Development Co., Inc.*, 72 B.R. 152, 155 (Bankr. E.D.N.C. 1987 – J. Small).

Purchasers of real property in North Carolina take title to real property subject to any issues that such an examination would reveal. *Morehead v. Harris,* 262 N.C. 330, 340, 137 S.E.2d 174, 183-184 (1964). Appellee/Trustee is not a BFP and therefore may not exercise his strong arm powers due to the fact that a <u>careful and prudent search</u> of the chain of title would have revealed the existence of the SunTrust Deed of Trust as to Tract I. *Booth v. Strickland,* 2004 WL 2782561 (Bankr. M.D.N.C. – J. Stocks).

Appellee/Trustee asserts that as of the Petition Date, he is entitled to assert BFP status, however, <u>it is undisputed that Tract II was properly indexed in the PIN index and that the legal descriptions of Tract I and Tract II appear on the same page of the SunTrust Deed of Trust</u>. In accordance with the principles of North Carolina law charging prospective purchasers with constructive notice of "every description, recital, reference, and reservation" contained in recorded instruments, *see, Morehead, supra.*, it follows that a prospective purchaser, including the Trustee as of the Petition Date, would have been on notice of the fact that the <u>SunTrust Deed of Trust described and encumbered both Tracts I and II</u>. As a result, the Trustee may not claim that he takes Tract I free and clear of the lien of the SunTrust Deed of Trust.

- 3 -

Case 1:09-cv-00924-TDS   Document 18   Filed 02/23/10   Page 7 of 12

## II. THE BANKRUPTCY COURT ERRED BY AVOIDING THE SUNTRUST DEED OF TRUST, TREATING THE SUNTRUST DEED OF TRUST AS IF IT HAD NEVER BEEN INDEXED.

The failure of the Orange County Registry of Deeds to properly index the SunTrust Deed of Trust under the PIN system as to Tract I more closely resembles mis-indexing, rather than a total failure of indexing. (*See, Prudential Insurance Co. of America v. Forbes,* 165 S.E. 699 (1932), *West v. Jackson,* 153 S.E. 257 (1930), *Clement v. Harrison,* 138 S.E. 308 (1927)). Under this line of cases, the court found the instruments to be validly registered because a reasonably prudent examiner searching other names in which the instrument was indexed could not have reasonably disregarded the information acquired by finding the instrument in the chain of title to the other owners.

Like the omission of an owner under an index by name, this case involves merely the omission of reference to one of two tracts of land under a PIN indexing system, and anyone with an interest in both tracts (such as the Appellee/Trustee) should not be able to disregard the constructive notice provided by the recorded SunTrust Deed of Trust upon Tract I, acquired by reason of the duty to examine the entirety of the SunTrust Deed of Trust as to Tract II.

The Appellee/Trustee also ignores an important exception to the North Carolina recording statutes when a recorded instrument makes reference to an unrecorded interest in real property. *See, Hardy v. Fryer,* 194 N.C. 420, 139 S.E. 833 (1927). Using the same rationale as explained in *Hardy*, anyone charged with constructive notice in regards

- 4 -

to Tract I (namely the Appellee/Trustee), would also be charged with the notice of the SunTrust Deed of Trust on Tract I although not indexed in the official PIN Index.

Finally, no individual has been actually harmed or misled by the failure of the Orange County Register of Deeds to properly index Tract I in the PIN Index. Due to the fact that no one has been harmed, it would work a great inequity on Appellant to deprive it of its first lien position (and therefore payment in full of the debt owed to Appellant) on the basis that the official indexing requirements in Orange County were not followed due to an error by personnel in the Orange County Registry of Deeds and not the Appellant. Had a careful and prudent examination of Debtor's title to the property in question been conducted, it would have clearly revealed the existence of the SunTrust Deed of Trust. North Carolina state law shies away from enforcing "inexorable strictness" that would lead to any other result. *Mickel-Hopkins, Inc. v. Frassinetti*, 278 F.2d 301, 305(1960).

## CONCLUSION

For all of the reasons set forth above, Appellant contends that the Bankruptcy Court erred when it granted summary judgment to the Trustee/Appellee and also when the Bankruptcy Court denied Appellant's *Motion to Alter or Amend Judgment.* Accordingly, Appellant respectfully requests that the Bankruptcy Court's Order be

reversed and that summary judgment be directed in favor of the Appellant, and that the Court grant such other and further relief as it may seem just and proper.

Respectfully submitted,

This the 23rd day of February 2010.

THE LAW FIRM OF HUTCHENS, SENTER & BRITTON, P.A.

/s/Joseph J. Vonnegut
JOSEPH J. VONNEGUT
Attorney for Appellant Suntrust Bank, N.A.
P.O. Box 2505
Fayetteville, North Carolina 28302
(910) 864-2668
North Carolina State Bar No. 32974
Email: jvonnegut@hutchensandsenter.com

# CERTIFICATE OF SERVICE

I, Joseph J. Vonnegut, attorney for Suntrust Bank, N.A., in the above-entitled action, hereby certify that on the 23rd day of February, 2010, electronically filed the foregoing **Appellant's Reply Brief to Appellee's Brief** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert Nelson Maitland, II
middledistrict@maitlandlaw.com
Counsel for Appellants Marc and Maryann Macky

David M. Rooks, III
dmr@nbfirm.com
Counsel for Appellee John A. Northen

Michael D. West
Michael_West@ncmba.uscourts.gov
Bankruptcy Administrator

John A. Northen
jan@nbfirm.com
Trustee/Appellee

The undersigned further certifies that the foregoing was served on the following, who do not participate in electronic filing under the CM/ECF system, by depositing copies thereof in a depository under the exclusive care and custody of the United States

Postal Service in a postage prepaid envelope properly addressed as follows:

John G. McCormick
ID No. 1079238
Piedmont Correctional Institution
1245 Camp Road
Salisbury, North Carolina 28147

Dated: This 23rd day of February, 2010.

        THE LAW FIRM OF HUTCHENS, SENTER & BRITTON, P.A.

                /s/Joseph J. Vonnegut
                JOSEPH J. VONNEGUT
                Attorney for Appellant Suntrust Bank, N.A.
                P.O. Box 2505
                Fayetteville, North Carolina 28302
                (910) 864-2668
                North Carolina State Bar No. 32974
                Email: jvonnegut@hutchensandsenter.com