IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
SUNTRUST BANK, N.A.              )
MARC MACKY,                      )
MARYANN MACKY,                   )
                                 )
            Appellants,          )
                                 )
v.                               )      1:09cv00924
                                 )
JOHN A. NORTHEN,                 )
                                 )
            Appellee.            )
```

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

SunTrust Bank, N.A. ("SunTrust") appeals the Bankruptcy Court's August 6, 2009 Order denying SunTrust's motion for summary judgment and granting summary judgment for Appellee John A. Northen ("Northen") and Marc and Maryann Macky (the "Mackys").[1]  <u>In re</u> <u>McCormick</u>, 417 B.R. 362 (Bankr. M.D.N.C. 2009).  The parties have briefed the appeal, and a hearing was held on June 23, 2010.  For the reasons below, the Order of the Bankruptcy Court is affirmed.

**I. BACKGROUND**

This case relates to a unique method of recording land transactions in Orange County, North Carolina, and involves facts that are not disputed.  As authorized by statute, N.C.

---

[1] The parties have captioned the Mackys as Appellants; however, SunTrust alone filed a notice of appeal. (Doc. 4-1.)

Gen. Stat. § 161-22.2, Orange County adopted a land parcel identifier number ("PIN") index as its official real property index. Under the PIN index, every tract of land in Orange County is assigned a unique PIN. The Register of Deeds indexes all transactions related to a particular parcel under that parcel's assigned PIN. The parties represent that Orange County is the only one of the State's 100 counties to adopt a PIN index as its official index. However, Orange County also maintains a traditional grantor/grantee indexing system in which instruments are indexed alphabetically by the names of the parties to the transaction.

In 1994, John Gregory McCormick ("Debtor") acquired two tracts of real property in Orange County. Tract I consists of Lots 1 through 6 on Lloyd Drive, Pine Street, and Gaines Chapel Road, as shown on a plat recorded in Plat Book 37, Page 8. Tract II consists of Lots 41 and 42 located on Sanders Street and Gaines Chapel Road, as shown in Plat Book 76, Page 538.

On November 1, 1999, the Debtor granted Central Carolina Bank and Trust Company -- the predecessor in interest to SunTrust -- a deed of trust against Tracts I and II ("SunTrust deed of trust"). The SunTrust deed of trust is a single document that describes and applies to both Tracts I and II.

The SunTrust deed of trust was recorded on November 2, 1999, in Book 2007, Page 173 of the Orange County Registry and

contained the PIN for Tract II only (the PIN for Tract I not having been written on it). Consequently, it was indexed under the PIN assigned to Tract II only. The SunTrust deed of trust was correctly indexed under both Tracts I and II in the grantor/grantee index. It was not until August 25, 2008, that the SunTrust deed of trust was indexed in the PIN system as to Tract I.

On May 14, 2004, the Debtor granted the Mackys a deed of trust against a portion of Tract I, Lots 1, 4, 5, and 6 ("Macky deed of trust"). The Macky deed of trust was recorded on July 14, 2004, in Book 3496, Page 569 of the Orange County Registry. The Macky deed of trust was indexed correctly in both the PIN and grantor/grantee indexes.

On August 7, 2006, an involuntary bankruptcy proceeding was filed against the Debtor in the Bankruptcy Court in this district (Case No. 06-80976C-7D). Northen was appointed Chapter 7 trustee on October 13, 2006. Northen sold all of Tract I, and the Bankruptcy Court entered orders on September 3, 2008, approving the sales and transferring any liens to proceeds.

Northen commenced an adversary proceeding (No. 08-09028) in the Bankruptcy Court on October 6, 2008, seeking to avoid the SunTrust deed of trust pursuant to his avoidance powers under 11 U.S.C. § 544(a). Northen contended that because the SunTrust

3

deed of trust was not indexed under the PIN number or numbers assigned to Tract I in the PIN index as of the commencement of the bankruptcy proceeding, SunTrust lacked a valid interest in the property enforceable against a lien creditor or *bona fide* purchaser.

Following the completion of discovery, SunTrust, the Mackys, and Northen all moved for summary judgment. The parties agreed that as of the filing of the Macky deed of trust and of the commencement of the bankruptcy proceeding, a search of the PIN index under the Tract I PIN would not have revealed the SunTrust deed of trust as a lien against Tract I. The parties also agreed that searches of the grantor/grantee index for the same two dates (the Macky filing and the bankruptcy petition date) would have revealed SunTrust's lien against Tract I.

The Bankruptcy Court concluded that the SunTrust deed of trust was not properly registered against Tract I until August 25, 2008, the date it was registered in Orange County's official PIN index under the Tract I PIN. The Bankruptcy Court further concluded that the Mackys had first priority regarding Lots 1, 4, 5, and 6 of Tract I, and that Northen could avoid the SunTrust deed of trust against Tract I. Consequently, the court granted summary judgment in favor of the Mackys and Northen. *In re* McCormick, 417 B.R. at 371-72. SunTrust subsequently moved

to alter or amend the summary judgment Order, and the court denied that motion as well.

SunTrust timely appealed the Bankruptcy Court's Order.

## II. ANALYSIS

This court has jurisdiction pursuant to 28 U.S.C. § 158(a). The Bankruptcy Court's Order is a final order from which an appeal can be taken. 28 U.S.C. § 158(a); *In re* Nolan, 383 B.R. 391, 393 (6th Cir. BAP 2008) ("An order granting a trustee's motion for summary judgment resulting in the avoidance of a mortgage lien is a final order."). A bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*. Fed. R. Bank. P. 8013; *In re* Varat Enter., Inc., 81 F.3d 1310, 1314 (4th Cir. 1996).

SunTrust contends that the Bankruptcy Court erred in treating the SunTrust deed of trust as not having been filed before August 25, 2008, because, SunTrust argues, there was substantial compliance with the indexing statutes. SunTrust further cites as error the Bankruptcy Court's recognition of Northen's avoidance powers as trustee under 11 U.S.C. § 544 on the grounds that Northen had constructive notice of the SunTrust deed of trust.

This is a matter of first impression that has not been addressed by a North Carolina court. This court must therefore "offer its best judgment about how [the] state's highest court

5

would rule . . . giving appropriate weight to any opinions of [the] state's intermediate appellate courts." Anderson v. Sara Lee Corp., 508 F.3d 181, 190 (4th Cir. 2007) (citing Food Lion, Inc. v. Capital Cities/ABC, Inc., 194 F.3d 505, 512 (4th Cir. 1999)).

After careful review, the court finds that the Bankruptcy Court's findings of fact are not clearly erroneous and its conclusions of law are correct. The court agrees with the analysis of the Bankruptcy Court's thorough opinion that concludes that the North Carolina Supreme Court would find, as a matter of law, that the SunTrust deed of trust was not properly indexed ahead of the Macky deed of trust on Tract I and is not effective against Northen, standing in the shoes of a hypothetical *bona fide* purchaser, under 11 U.S.C. § 544. Thus, the court affirms for the reasons set forth therein. In re McCormick, 417 B.R. 362. In addition, the court will address the following points raised by SunTrust on appeal.

First, SunTrust challenges the Bankruptcy Court's conclusion that Northen may avoid the SunTrust deed of trust as a *bona fide* purchaser pursuant to 11 U.S.C. § 544. SunTrust argues that, even though the SunTrust deed of trust for Tract I was not in the chain of title for Tract I under Orange County's PIN index, Northen had constructive notice of it on the grounds

6

that "he occupied the Debtor's position as owner of Tracts I and II on the petition date." (Doc. 14 at 9.)

SunTrust's argument misconstrues the avoidance statute. Section 544 provides:

> (a) The trustee shall have, as of the commencement of the case, *and without regard to any knowledge of the trustee or of any creditor*, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--
>
> ...
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544 (emphasis added). Under section 544, "the trustee may defeat a claim against the debtor's estate if, under applicable state law, a hypothetical *bona fide* purchaser of the property in question would have prevailed over the claim as of the date of the bankruptcy filing." In re Boardwalk Dev. Co., 72 B.R. 152, 154 (Bankr. E.D.N.C. 1987). The statute expressly states that a trustee takes a debtor's property "without regard to any knowledge of the trustee or of any creditor." 11 U.S.C. § 544(a). Thus, *Northen's* actual or constructive knowledge regarding SunTrust's lien on Track I is irrelevant to the application of section 544. Accord In re Morgan, 96 B.R. 615, 617-18 (Bankr. N.D.W. Va. 1989) (noting that the language of

7

section 544(a)(3) "renders the trustee's or any creditor's knowledge irrelevant"); Boardwalk, 72 B.R. at 154 (stating that "any actual knowledge that the trustee might have had of competing interests will not prevent the trustee from asserting the rights of a hypothetical purchaser without such knowledge"). For purposes of section 544, Northen stepped into the shoes of a hypothetical *bona fide* purchaser, not those of the Debtor.

SunTrust also argues that a careful and prudent search of "all public records" in Orange County -- including the grantor/grantee index -- would have alerted Northen to the SunTrust deed of trust, thereby putting him on notice that it applied to Tract I because the deeds of trust for Tracts I and II were one and the same document. (Doc. 14 at 8.) To the extent the argument is that Northen had actual or constructive notice, this argument is rejected for the reasons noted above. To the extent the argument relies on Northen's status as a hypothetical *bona fide* purchaser in his role as trustee, it fails as well. Because the SunTrust deed of trust lacked a PIN in Tract I's chain of title, it would not have appeared in any *bona fide* purchaser's search for Tract I using the PIN. As the Bankruptcy Court noted, to require a *bona fide* purchaser to search a title by using the grantor/grantee index in addition to the PIN index would render the PIN index superfluous and section 161-22.2 meaningless. Consequently, a *bona fide* purchaser would

8

not have been on notice to search Tract II, and the Bankruptcy Court was correct in concluding that the trustee would not have had constructive notice of the instrument.[2]

SunTrust further contends that the Bankruptcy Court erred by treating the SunTrust deed of trust as if it had never been indexed. SunTrust attempts to analogize the indexing error to a lack of indexing regarding one of several owners (thus, mis-indexing) rather than a failure to index. (Doc. 14 at 11.) The cited cases, however, pertain to a grantor/grantee index where a party may search via the name of any party to the instrument. See, e.g., Prudential Ins. Co. of America v. Forbes, 203 N.C. 252, 165 S.E. 699 (1932) (holding that, when title examination put title examiner on notice that other names appeared on the deed of trust, a mis-indexed deed of trust was not invalid and the title examiner was under duty to make inquiry through cross-indexes as to other names appearing on it); West v. Jackson, 198 N.C. 693, 153 S.E. 257 (1930) (same). Under those cases, a mis-indexed deed is not invalid where an examiner is on notice of the omission and can discover the proper title by using the cross-indexes. Under the PIN system, by contrast, a property is assigned a unique number for indexing. When searching the PIN

---

[2] The court's holding is limited on this record to the conclusion that a separate search of the grantor/grantee index in Orange County was not required in this case as a matter of law because the PIN index was the official index for the relevant time period.

index under the PIN for a particular tract, a document either appears under that PIN or it does not. The mis-indexing examples are therefore easily distinguishable.

Finally, SunTrust complains that it is unfair for it to bear the risk of loss because, it contends, it did all that was required of it. The record suggests otherwise. The applicable Orange County ordinance expressly directs the county Register of Deeds to reject for filing any instrument presented to it that fails to bear a PIN identifier provided by the county Lands Records Office:

> [T]he "Register of Deeds shall not accept for registration any deed, deed of trust, map or plat, or any other instrument containing a description of the real property affected by the instrument *unless the parcel identifier numbers of all parcels affected have been assigned and written on the instrument* by the County Land Records Office in accordance with the county procedures manual for creating and assigning parcel identifier numbers. Presentation of the instrument to the Land Records Office as herein described does not constitute filing the instrument for registration."

(Doc. 6-1 at 5 (emphasis added).)

The SunTrust deed of trust contains the PIN assigned to Tract II, but not Tract I. The instrument was therefore not properly indexed at least as to Tract I. Where SunTrust's predecessor, Central Carolina Bank and Trust, failed to ensure that the PIN for Tract I was recorded on its deed of trust, it is not unreasonable for it to bear the risk of loss. See

10

Cuthrell v. Camden County, 254 N.C. 181, 118 S.E.2d 601 (1961) (noting that the risk of a mis-indexed instrument falls on the filer, absent substantial compliance with indexing statutes). SunTrust's attempt to shift the risk to the title searcher under these circumstances, therefore, is unavailing.

### III. CONCLUSION

For the foregoing reasons, the August 6, 2009 Order of the Bankruptcy Court granting the motions for summary judgment of Northen and the Mackys and denying the motion for summary judgment of SunTrust Bank, N.A., is AFFIRMED.

/s/ _Thomas D. Schroeder____
United States District Judge

August 6, 2010